UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SIDDHARTH HARIHARAN, et al., <br> Plaintiffs, <br> vs. <br> ADOBE SYSTEMS INC., et al., <br> Defendants. | Case No: C 11-2509 SBA <br> **ORDER** <br> Dkt. 32, 35, 41, 44 |

On July 27, 2011, this Court related four class actions to the instant class action ("Case I" or "Case No. 11-2509").  Case No. 11-2509, Dkt. 52; Marshall v. Adobe Systems, Inc., et al., Case No. 11-3538 HRL ("Case II" or "Case No. 11-3538"), Dkt. 12; Devine v. Adobe Systems, Inc., et al, C 11-3539 HRL ("Case III" or "Case No. 11-3539"), Dkt. 12; Fichtner v. Adobe Systems, Inc., Case No. 11-3540 PSG ("Case IV" or "Case No. 11-3540"), Dkt. 13; and Stover v. Adobe Systems, Inc., C 11-3541 PSG ("Case V" or "Case No. 11-3541"), Dkt. 13.  In each of these class actions, Plaintiffs allege that Defendants entered into a conspiracy to fix and suppress the compensation of their employees.  See, e.g., Case No. 11-2509, Dkt. 2, Ex. A ¶1.  In the five related class actions, Plaintiffs aver that the class consists of all persons employed by Defendants in the United States of America on a salaried basis during the period from January 1, 2005 through January 1, 2010.  See, e.g., id. ¶29.  The parties are presently before the Court on Plaintiffs' request to transfer the instant class action with the four related class actions from the Oakland Division to the San Jose Division.  Id., Dkt. 32, 35, 44.

According to the Civil Local Rules, except for Intellectual Property Actions, Securities Class Actions and Prisoner Petitions or Prisoner Civil Rights Actions, "all civil actions which arise in the [county] of . . . San Francisco . . . shall be assigned to . . . the San

1  Francisco or Oakland Division." Civ. L.R. 3-2(d).  Furthermore, "all civil actions which
2  arise in the counties of Santa Clara, Santa Cruz, San Benito or Monterey shall be assigned
3  to the San Jose Division." Civ. L.R. 3-2(e).  "A civil action arises in the county in which a
4  substantial part of the events or omissions which give rise to the claim occurred or in which
5  a substantial part of the property that is the subject of the action is situated." Civ. L.R. 3-
6  2(c).  Civil Local Rule 3-2(h) further provides that "[w]henever a Judge finds, upon the
7  Judge's own motion or the motion of any party, that a civil action has not been assigned to
8  the proper division with this district in accordance with this rule, or that the convenience of
9  the parties and witnesses and the interests of justice will be served by transferring the action
10 to a different division within the district, the Judge may order such transfer, subject to the
11 provisions of the Court's Assignment Plan." Id.

Plaintiffs argue that the cases should be transferred to the San Jose Division because Case I was not filed in the proper division.  Case No. 11-2509, Dkt. 32, 35, 44.  Contrary to Plaintiffs' argument, the instant action has been filed in the correct division.  In Case I, Plaintiffs allege that the representative class plaintiff worked for Defendant Lucasfilm Ltd., whose principal place of business is in San Francisco. Id. ¶¶ 19, 25.  As Case I arises from the representative class plaintiff's employment with Defendant Lucasfilm Ltd., which is located in San Francisco, the cause of action arose in San Francisco County, making the Oakland Division the proper division for Case I to be filed.  Civ. L.R. 3-2(d).  Thus, the Court declines to transfer the actions based on Plaintiffs' argument that Case I was not filed in the proper division.

However, Plaintiff also argues that the convenience of the parties and witnesses, as well as the interests of justice, will be served by transferring Case I with all related matters to the San Jose Division.  The Court agrees with Plaintiffs that this ground provides an appropriate basis for transfer.  Cases II through V arose in Santa Clara County, making these cases properly filed in the San Jose Division.  Because four out of five of the related class actions arose within the San Jose Division, the convenience of the parties and

1 witnesses, and the interests of justice, will be served by litigating the matters in the San
2 Jose Division.
3   Case II through V were filed in the San Jose Division because, as alleged in each of
4 the complaints, "Plaintiff[s'] causes of action arise in the County of Santa Clara."  See, e.g.,
5 Case No. 11-3538, Dkt. 2, Ex. A ¶ 10.  The complaints also provide that Defendants Adobe
6 Systems, Inc., Apple Inc., Google Inc., Intel Corp., and Intuit Inc. "maintain their principal
7 places of business in the County of Santa Clara and, collectively, employed at least 98% of
8 the Class, as herein defined."  Id.  The class representatives in Cases II and III were
9 employed by Adobe Systems, Inc., and, as those cases arise from Plaintiffs' employment,
10 the cases arise in Santa Clara County, making the San Jose Division the proper division for
11 the cases to proceed.  Case Nos. 11-3538, 11-3539, Dkts. 2 ¶¶21.  The same is true for
12 Cases IV and V because the class representatives' employers are likewise located in Santa
13 Clara County, as the class representative in Case IV was employed by Intel Corp. and the
14 class representative in Case V was employed by Intuit Inc.  Case Nos. 11-3540, 11-3541,
15 Dkts. 2 ¶¶21.  Because the causes of action arose in Santa Clara County, Cases II through V
16 were properly filed in the San Jose Division.  Civ. L.R. 3-2(e).  Given that four out of the
17 five related actions should properly proceed before the San Jose Division, the convenience
18 of the parties and witnesses, and interests of justice, will be served by transferring the
19 matters there.
20   Further, in Case I, Plaintiffs filed two notices of pendency of action, in which they
21 requested that Case I be transferred to the San Jose Division.  Case No. 11-2509, Dkt. 32,
22 35.  In their response to Defendants' motion to relate Cases II through V to Case I,
23 Plaintiffs agreed with Defendants that all the matters should be related, and then Plaintiffs
24 requested that all matters be transferred to the San Jose Division.  Id., Dkt. 44.  Defendants
25 did not oppose Plaintiffs' request for transfer.  Pursuant to its Standing Order, this Court
26 construes Defendants' lack of opposition as a consent to the granting of Plaintiffs' request
27
28

to transfer.[1]  In light of Defendants' consent and the fact that five defendants' principal places of business are in Santa Clara County, this Court finds litigating the matter in the San Jose Division will be more convenient to the parties and witnesses, and will be in the interests of justice.  See Rivera v. Hewlett Packard Corp., 2003 WL 24029472, *1 (N.D. Cal. Apr. 22, 2003) (Armstrong, J.) (finding transfer from Oakland Division to San Jose Division appropriate because San Jose Division was the more convenient forum, as Defendant's principal place of business was in Santa Clara County).

    IT IS HEREBY ORDERED THAT Case Nos. 11-2509, 11-3538, 11-3539, 11-3540 and 11-3541 are TRANSFERRED to the San Jose Division.  This Order terminates Dockets 32, 35, 41, 44 in Case No. 11-2509.

    IT IS SO ORDERED.

Dated: 7/28/11

*Saundra B. Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[1] The Court's Standing Order states that "[t]he failure of the opposing party to file a memorandum of points and authorities in opposition to any motion or request shall constitute a consent to the granting of the motion."  See, e.g., Case No. 11-2509, Dkt. 27 ¶8 at 2.